NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND


CIVIL ACTION NO. 10-CV-56-HRW


DALTONIA DUNCAN, JR.                                                                    PLAINTIFF


VS:                                    **MEMORANDUM OPINION AND ORDER**


STATE OF KENTUCKY                                                                    DEFENDANT

***** ***** *****

This matter is before the Court for an initial screening of the Complaint [Record No. 1]

pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

For the reasons set forth below, the Court will dismiss this cause of action.

## BACKGROUND

On May 17, 2010, Daltonia Duncan, Jr., a man currently incarcerated in the Breckinridge

County Detention Center, paid the District Court filing fee and submitted a *pro se* Complaint to the

Clerk of the Court for the Western District of Kentucky.  On June 9, 2010, that Court noted that

Plaintiff was claiming that the Kentucky Department of Corrections ("KDOC") kept him imprisoned

in the Eastern Kentucky Correctional Complex too long.  Since both the KDOC and the prison are

located in the Eastern District of Kentucky, the Court in the Western District ordered the matter

transferred to this District for proper venue.

After the transfer here, the Plaintiff sent two letters [Record Nos. 8, 9], one to the Clerk of

this Court and one to undersigned.  In both, he complained that he wants the case "back in the

Western District of Ky. Court."  His only rationale is that he does not "want my lawsuite [sic] anywhere around David McKnight."  This is not a proper ground for a change of venue, even were the Court to construe either pleading as a motion for a change of venue.  Moreover, this Court agrees with the Western District that venue is proper here.

In the original complaint form, commonly used by prisoners in initiating a *pro se* civil rights proceeding under 42 U.S.C. § 1983, Duncan wrote that he has been imprisoned past the due date for his release by 215 days, and he seeks compensation for that confinement.  In the two later-filed letters, which the Court liberally construes as amendments [Record Nos. 8, 9], the Plaintiff corrects the time spent in the illegal confinement to 219 days.  In addition to complaining about McKnight, he claims to have contacted the governor and four different Kentucky judges about the injustice of holding him too long.

Because Kentucky officials have done nothing for him, Duncan complains, he has brought this lawsuit.  He names the State of Kentucky as the sole defendant and demands damages for the time which he spent wrongly imprisoned.

## DISCUSSION

Plaintiff's pleading cannot proceed further.  It is true that a *pro se* pleading is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  However, even with *pro se* complaints, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief.  28 U.S.C. § 1915(e)(2)(B); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the instant Complaint, the Court finds that the Plaintiff has failed to state a claim upon

which the Court may grant relief. First, suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and are not cognizable in a civil rights proceeding. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The Plaintiff cannot file a cause of action for damages until his confinement for 200+ days has been determined to be illegal in a proper habeas proceeding, or is otherwise invalidated. Until that happens, under *Heck v. Humphrey,* 512 U.S. 477 (1994), a civil action for damages is barred.

It was in *Heck* that the Supreme Court of the United States precluded the recovery of civil damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, where the plaintiff is unable to prove that the underlying State conviction or sentence has been reversed on direct appeal; expunged by executive order; declared invalid by a state tribunal authorized to make such determination; or called into question by a federal court's issuance of a writ of habeas corpus. *Id.,* 512 U.S. at 486-87.

In the instant case, the Plaintiff does not allege or demonstrate that he satisfies the requirement that his State sentence was reversed or corrected; or his time in confinement was otherwise declared invalid by a tribunal authorized to make such a determination; or the complained-of detention has been called into question by a court's issuance of a writ of habeas corpus. Accordingly, this Court finds that the instant cause of action for damages cannot proceed. *Id.; see also Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir.1999) (holding that non-prisoner appellant's civil rights action "must be dismissed without prejudice until the state proceedings have resulted in a not guilty verdict, or any conviction has been overturned on appeal or questioned in a federal habeas corpus petition").

Even had the instant Plaintiff satisfied the above-described pre-condition to filing a lawsuit for damages, there is another shortcoming in the instant Complaint which would leave him unable to proceed further, *i.e.*, he names the State of Kentucky as the Defendant. This is fatal to his cause of action because the Eleventh Amendment of the U.S. Constitution provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S. Const. Amend. XI. By its express terms, the Eleventh Amendment precludes actions in which the State is directly named as a party, *Edelman v. Jordan*, 415 U.S. 651 (1974). Thus, the only Defendant, the Commonwealth of Kentucky must be dismissed, and the entire action fails.

The Plaintiff has mentioned the names of some individuals in his allegations. He has written that David McKnight a "crook," but has not related any facts to support this label. On the topic of the State's having an incorrect date for his release, Duncan writes "These are the people that cause [sic] the problem Bruce Bulter, Sam Monerch and Kenton Smith[,] Tommy Brite, Lewis Carman Carman is dead now." Duncan does not, however, explain who these people are or what each one of them did or failed to do in order to "cause the problem."

As another federal court has recognized, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *inter alia*, *McDonald v. Hall,* 610 F.2d 16 (1st Cir.1979)); *Jarrell v. Tisch*, 656 F. Supp. 237 (D. D.C. 1987) (*pro se* plaintiffs should plead with requisite specificity so as to give defendants notice); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards). The persons named by the Plaintiff in this case would not have sufficient notice to respond even had the Plaintiff named and served them as the Defendants.

Therefore, the Plaintiff's cause also cannot proceed against the named individuals. "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).

The allegations in the instant Complaint fail to "plausibly suggest entitlement to relief." *Garrett v. Belmon Co. Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (applying standard of *Ashcroft v. Iqbal*, ___ U.S. ___, ____, 129 S.Ct. 1937, 1951 (2009) to prisoner's *pro se* civil rights claims under Section 1983); *see also Nat'l Bus. Devel. Serv., Inc. v. American Credit Educ. and Consulting, Inc.*, 299 F. App'x 509, 511 (6th Cir. 2008) (declining to apply more lenient *pro se* standard than heightened pleading requirement of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) to *pro se* copyright claim).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

1.      This action will be **DISMISSED,** *sua sponte*, without prejudice; and

2.      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant.

This July 21, 2010.



Signed By:

*Henry R Wilhoit Jr.*

United States District Judge